UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MARION E. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 3:22-cv-92-BJB |
| v. | ) | |
| | ) | *Electronically Filed* |
| UPS SUPPLY CHAIN SOLUTIONS, INC. | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446(a), and for the reasons outlined below, Defendants UPS Supply Chain Solutions, Inc. ("SCS") and United Parcel Service, Inc. ("UPS") (collectively, "Defendants"), by counsel, hereby remove the above-captioned action, Civil Action No. 07-CI-09996, commenced in the Jefferson Circuit Court in Louisville, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

As explained below, removal is proper and this Court has original federal-question jurisdiction because Plaintiff Marion Hughes ("Plaintiff") seeks relief pursuant to federal law, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), and because her claim otherwise raises a substantial federal question.

**I.    THE STATE COURT ACTION.**

1. On October 10, 2007, Plaintiff filed this lawsuit as a purported class action in the Jefferson Circuit Court, Civil Action No. 07-CI-09996 ("Original Complaint"). (*See* State Court Record, attached as Exhibit A, at pp. 23-38.) The Original Complaint alleged violations of the Kentucky Civil Rights Act, KRS Chapter 344 ("Count 1"), and the Kentucky Wage and Hour Act,

KRS Chapter 337 ("Count 2"). (*Id.*) Plaintiff Hughes was the only named plaintiff on the Original Complaint. (*Id.*)

2. On October 27, 2010, Plaintiff filed a First Amended Class Action Complaint, adding several individuals as named plaintiffs to Count 2 (the Wage and Hour claim). (*See* Ex. A, pp. 39-50.)

3. On January 6, 2012, the Court granted Plaintiff's Motion to Bifurcate Count 1 and Count 2 of her claims. (*See* Ex. A, p. 159.) Plaintiff Hughes was and remains the only named Plaintiff pursuing Count 1.

4. On February 1, 2012, Plaintiff filed a Second Amended Complaint ("Complaint"), which is the operative Complaint. (*See* Ex. A, pp. 51-63.) Count 1 of the Complaint alleges that Plaintiff was subject to two "unlawful leave policies," in violation of KRS 344: 1) employees who were off work due to sickness and/or accident were not permitted to return to work with any work restrictions; and 2) employees who were off work for 12 months due to sickness and/or accident were automatically administratively terminated. (Compl. ¶¶ 1, 16, 26-30.)

5. On April 26, 2019, the Jefferson Circuit Court dismissed Count 2 of Plaintiff's Complaint, which had previously been bifurcated. (*See* Ex. A, pp. 224-26.)

6. On May 1, 2020, the Jefferson Circuit Court denied class certification of Count 1, Plaintiff's remaining "unlawful leave policies" claim under KRS 344. (*See* Ex. A, pp. 233-39.) Plaintiff now seeks to pursue a disability discrimination claim individually under the Kentucky Civil Rights Act, KRS Chapter 344.

7. On October 20, 2021, the Jefferson Circuit Court entered a Civil Jury Trial Order. (*See* Ex. A, pp. 244-47.) The Trial Order set a deadline of January 25, 2022, for the parties to identify trial experts and provide a summary of expected testimony. (*Id.* at p. 1.)

8. On January 25, 2022, Plaintiff filed her Expert Disclosures. (*See* Plaintiff's Expert Disclosures, attached as Exhibit B.) Plaintiff's Expert Disclosures state that Nancye M. Combes will testify that "UPS unreasonably terminated Ms. Hughes' short-term disability benefits on the basis that she could perform her prior job duties, only to then refuse to allow her to return to that same job[.]" (*Id.* at p. 3.) Plaintiff's Expert Disclosures also state that Sara Ford will testify about "the valuation of Ms. Hughes' short and long-term disability benefits." (*Id.* at p. 6.)

9. The short- and long-term disability plans at issue are part of The Flexible Benefits Plan, an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e).

## II.  DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

10. The Jefferson Circuit Court is located within the area served by the United States District Court, Western District of Kentucky, Louisville Division. *See* 28 U.S.C. §§ 1441(a), 1446(a). Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C § 1441(a).

11. 28 U.S.C. § 1446(b)(3) provides, in pertinent part,

[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

12. Defendants first ascertained that the case was removable based on federal-question jurisdiction on January 25, 2022, when Plaintiff filed her Expert Disclosures. (*See* Ex. B.)

13. Plaintiff's Expert Disclosures constitute "other papers" within the meaning of 28 U.S.C. § 1446(b)(3). *See, e.g., Childers v. Cynosure, Inc.*, No. CV 12-67-ART, 2012 WL

3

13026974, at *2 (E.D. Ky. Oct. 30, 2012) (export report disclosed by plaintiff during discovery was "other paper" for purposes of removal).

14. Accordingly, this Notice of Removal, filed within thirty (30) days of Defendants' receipt of Plaintiff's Expert Disclosures, is timely filed. *See* 28 U.S.C. § 1446(b)(3).

### III. REMOVAL IS PROPER IN THIS ACTION.

15. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Hogan v. Jacobson*, 823 F.3d 872, 878–79 (6th Cir. 2016) (citing 28 U.S.C. § 1441(a)). "One basis for removal is federal-question jurisdiction, which exists over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331).

#### Complete ERISA Preemption

16. The United States Supreme Court has concluded that the pre-emptive force of a statute can be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim.'" *Hogan*, 823 F.3d at 878-79 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

17. "[W]hether a certain state action is preempted by federal law is one of congressional intent." *Id.* Congress has expressed such an intent in ERISA, which "can preempt state-law claims in two ways: complete preemption under 29 U.S.C. § 1132(a) and express preemption under 29 U.S.C. § 1144." *Hogan*, 823 F.3d at 878–79. Complete preemption under section 1132(a) "is part of a civil enforcement scheme whose comprehensive and carefully integrated character provides strong evidence that Congress did not intend to authorize other remedies." *Id.* (internal citations and quotations omitted). Accordingly, "any state-law cause of action that duplicates, supplements,

or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

18. In her Expert Disclosures, Plaintiff alleges that Defendants "unreasonably terminated Ms. Hughes' short-term disability benefits" and that she seeks to recover damages resulting from the alleged improper denial of short- and long-term disability benefits. (*See* Ex. B, pp. 2-3, 6.)

19. The short- and long-term disability plans at issue are part of The Flexible Benefit Plan, an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1132(e). ERISA provides exclusive federal remedies for the resolution of claims relating to plan benefits and therefore preempts Plaintiff's state law claim. 29 U.S.C. §§ 1132 and 1144. ERISA also provides for original jurisdiction in the district courts of the United States pursuant to 29 U.S.C. §1132(e) and (f). Accordingly, Plaintiff's claim for benefits provided by an ERISA plan is properly removed, even though Plaintiff asserts only state law claims. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987).

**Substantial Federal Question**

20. Plaintiff's state-law claim is also removable under the "substantial federal question doctrine," which applies "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

21. In her Expert Disclosures, Plaintiff alleges that her right to relief requires the resolution of a substantial question of federal law: whether Plaintiff was unreasonably denied short-term disability benefits under the terms of an ERISA plan. (*See* Ex. B, pp. 3, 6.) Plaintiff

specifically alleges that Defendants have a "practice of terminating an employee's short-term disability benefits based on its conclusion they can perform their job duties." (*Id.* at p. 3.) Plaintiff also alleges that the denial of her short-term disability benefits was "unreasonable." (*Id.*) Under Plaintiff's new theory, the Court must determine whether Defendants' denial of Plaintiff's application for ERISA benefits was in fact reasonable and/or proper—a question that requires the Court to analyze an ERISA plan and which raises a substantial question of federal law. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

### Diversity Jurisdiction

22. The Court also has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332, in that there exists complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional minimum.

23. Plaintiff is, and was at the time the Complaint was filed, a citizen of Kentucky. (Compl. ¶ 8.)

24. While the citizenship of the formerly named plaintiffs pursuing Count 2 (the Wage and Hour claim) is not relevant to the question of diversity jurisdiction because Count 2 has been bifurcated from Count 1, those former named plaintiffs are, and were at the time the Complaint was filed, citizens of Kentucky. (Compl. ¶¶ 9-12.)

25. Defendant UPS Supply Chain Solutions, Inc. is, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business in Georgia. Accordingly, SCS is, and was at the time the Complaint was filed, a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

6

26. Defendant United Parcel Service of America, Inc. (incorrectly identified in the case caption as United Parcel Service, Inc.) is, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business located in Georgia.[1] Accordingly, UPS is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

27. A preponderance of the evidence shows that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 § 1332(a).

28. Plaintiff's Expert Disclosures state that Plaintiff's economic damages "incurred from March 2006 to the present," combined with Plaintiff's "future economic damages from the present to her anticipated life expectancy," are expected to value $727,769.65. (*See* Ex. B, pp. 5-6.) The Expert Disclosures also state that the value of Plaintiff's lost pension benefits equals $189,755.58, and the value Plaintiff's short- and long-term disability benefits equals $346,365. (*Id.* at p. 6.)

29. In addition, in her Answers to Defendants' Second Set of Interrogatories, Plaintiff states that the value of her claim "is expected to equal or exceed $1,500,000." (*See* Plaintiff's Initial Answers to Defendants' Second Set of Interrogatories, attached as Exhibit C, at p. 11.)

30. Accordingly, the Court has jurisdiction over this lawsuit. 28 U.S.C. § 1332.

### Supplemental Jurisdiction

31. In an action over which a district court has original jurisdiction, federal supplemental jurisdiction extends to "all other claims that are so related to claims . . . within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

---

[1] United Parcel Services, Inc., the parent of United Parcel Services of America, Inc., is also a citizen of Delaware and Georgia, because it is incorporated in the state of Delaware and has its principal place of business in Georgia.

"Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citation omitted).

33. In her Expert Disclosures, Plaintiff alleges that her disability discrimination claim and her claim for ERISA benefits derive from a common nucleus of operative facts. (*See* Ex. B, pp. 3, 6.) Accordingly, based on Plaintiff's allegations, the Court may exercise supplemental jurisdiction over Plaintiff's disability discrimination claim arising under KRS 344. *See, e.g., Langley v. Daimler Chrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (where district court had subject-matter jurisdiction because plaintiff's complaint involved several claims "sufficiently related to ERISA to invoke federal-question jurisdiction," district court also had supplemental jurisdiction to reach state-law claims); *Ward v. Alternative Health Delivery Systems*, 261 F.3d 624 (6th Cir. 2001) ("ERISA claims did provide a basis for the district court's removal jurisdiction, and, upon removal of those claims, the district court properly exercised supplemental jurisdiction over her other state law claims.").

## IV. CONCLUSION.

33. For the foregoing reasons, Defendants respectfully remove to this Court Plaintiff's action now pending in the Jefferson Circuit Court in Louisville, Jefferson County, Kentucky

34. PLEASE TAKE FURTHER NOTICE that Defendants, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, have served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of Service, and have also filed a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

FROST BROWN TODD LLC

/s/ Kyle D. Johnson
C. Laurence Woods III
lwoods@fbtlaw.com
Kyle D. Johnson
kjohnson@fbtlaw.com
Jennifer L. Bame
jbame@fbtlaw.com
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502) 589-5400
(502) 581-1087 (facsimile)
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing was served on February 17, 2022, via the Court's electronic filing system, which will send electronic notice to the following:

Michael D. Grabhorn
m.grabhorn@grabhornlaw.com
Andrew M. Grabhorn
a.grabhorn@grabhornlaw.com
GRABHORN LAW OFFICE, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223

Andrew J. Horne
Andrew@HorneLawKy.com
HORNE LAW OFFICE
6510 Glenridge Park Place, Suite 1
Louisville, Kentucky 40222

/s/ Kyle D. Johnson
*Counsel for Defendants*

0000OXA.0554495  4895-2415-7454v4